IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                  No. CR 24-1407 JB

DEVIN WADE WYACO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant Devin Wyaco's Formal Objections to Presentence Report, filed August 17, 2025 (Doc. 47)("Objections"). The primary issue is whether the Presentence Investigation Report, filed May 29, 2025 (Doc. 36)("PSR"), correctly considers the Defendant Devin Wyaco's February, 2024, encounter with the Zuni Police Department ("Zuni Police") -- in which Wyaco points a gun at the police -- to be relevant conduct under U.S.S.G. § 1B1.3.[1] The Court concludes that Wyaco's February, 2024, encounter with the Zuni Police is relevant conduct, because it is similar to his underlying felon-in-possession charge in this case and occurs only a few months before the shooting for which Wyaco pleads guilty to

---

[1] The Objections also contend that the PSR unfairly applies a 4-level enhancement for using a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6)(B). See Objections at 5-6. According to the Objections, because "the PSR's approach treats the firearm discharge as a basis to both add 120 months mandatory incarceration and inflate the guideline range for the other counts by 4 offense levels," the Court should exercise its "discretion to recognize this unfairness as a policy objection to the guideline calculation." Objections at 6. This Objection does not contend that the PSR contains legal error. Instead, this Objection raises a policy-based objection under Kimbrough v. United States, 552 U.S. 85, 109 (2007)("Kimbrough"). To the extent that Wyaco makes a Kimbrough request, the request is overruled. The Court will consider the 18 U.S.C. § 3553(a) factors at the sentencing hearing, including the parsimony clause in § 3553(a)(6) that directs the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Accordingly, the Court does not discuss Wyaco's second contention as to the PSR in this opinion.

here.  See United States v. Sandoval, No. CR 22-1010 JB, 2023 WL 5835875, *17 (D.N.M. Aug. 29, 2023)(Browning, J.).  Accordingly, the Court overrules Wyaco's Objections.

## FACTUAL BACKGROUND

Wyaco's February, 2024, gun possession is relevant conduct under U.S.S.G. § 1B1.3 Application Note 5.B(ii).  First, the Court describes the two incidents at issue in this case.  Second, the Court describes which enhancements the PSR applies.  Finally, the Court outlines its § 1B1.3(2) analysis.

On February 11, 2024, Zuni Police officers observe a vehicle "failing to stay in the traffic lane and turning its lights off."  PSR ¶ 12, at 5.  The officers activate their emergency lights and signal for the vehicle to stop, but the vehicle, instead, speeds away and crashes into some wooden posts on the side of the road.  See PSR ¶ 12, at 5.  The driver, Wyaco, runs from the vehicle with a gun in his hand.  See PSR ¶ 12, at 5.  The officers order him to drop the weapon, but Wyaco refuses and, at one point, points the gun at the police during the chase.  See PSR ¶ 12, at 5.  The police subdue Wyaco, arrest him, and determine that the gun is a stolen gun.  See PSR ¶ 13-14, at 5.  Wyaco admits that he is selling methamphetamine and fear that people are "'after him[]' for it."  PSR ¶ 13, at 5 (no citation for quoted material).

Later in 2024, on September 19, Wyaco is in the passenger seat as his girlfriend, Shanisse Loretto, drives in the Zuni Pueblo.  See PSR ¶ 20, at 6.  A bicyclist throws a rock at the car, Loretto pulls over the car, and Wyaco gets a gun from the trunk.  See PSR ¶ 20, at 6.  Wyaco asks Loretto to turn around and drive back to the bicyclists.  See PSR ¶ 20, at 6.  Wyaco shoots one of the bicyclists as he drives in the car by the bicyclists.  See PSR ¶ 20, at 6.

## PROCEDURAL BACKGROUND

After the Grand Jury indicts Wyaco, he pleads guilty to: (i) Count 1, assault with a

dangerous weapon, in violation of § 18 U.S.C. 113(a)(3); (ii) Count 2, using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (iii) Count 3, possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).  See PSR ¶ 2, at 4.  The PSR states that Wyaco's "conduct on February 11, 2024, is similar in nature and part of the same course of conduct as the defendant's instant offense, occurring on September 19, 2024, approximately seven months later."  PSR ¶ 25, at 8.  The PSR, therefore, concludes that Wyaco's February, 2024, arrest is relevant conduct under U.S.S.G. § 1B1.3.  See PSR ¶ 25, at 8.  As a result of this conclusion, the PSR applies two enhancements to Wyaco's offense level based on the February, 2024 arrest: (i) a 2-levels enhancement for possessing a stolen firearm, see PSR ¶ 34, at 9; and (ii) a 4-levels enhancement for possessing a firearm in connection with another felony offense -- possessing methamphetamine, in violation of 21 U.S.C. § 844, see PSR ¶ 25, at 8.

## ANALYSIS

"Relevant conduct for sentencing purposes . . . 'comprises more, often much more, than the offense of conviction itself, and may include uncharged and even acquitted conduct.'"  United States v. Altamirano-Quintero, 511 F.3d 1087, 1095 (10th Cir. 2007)(quoting United States v. Allen, 488 F.3d 1244, 1254–55 (10th Cir.2007))(this district court adds ellipses).  Uncharged conduct is the conduct at issue here, specifically, Wyaco's possession of a firearm on February 11, 2024.  When the uncharged conduct is "of a character for which § 3D1.2(d) would require grouping of multiple counts," § 1B1.3(a)(2) provides that relevant conduct constitutes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3(a)(2).  Section 1B1.3(a)(2) applies here, because § 3D1.2(d) "requires the grouping of multiple counts of offenses that § 2K2.1 covers," and § 2K2.1 applies to § 922(g) offenses.  United States v. Garcia, 946 F.3d 1191, 1202 (10th Cir. 2020).

Because § 922(g) offenses group under § 3D1.2(d), and because there is no dispute that Wyaco, on February 11, 2024, "committed the offense in question, i.e., illegal possession of a firearm," United States v. Rourke, 53 F. App'x 58, 59 (10th Cir. 2002), the analysis hinges on whether the February offense is "part of the same course of conduct or common scheme or plan" as the gun possession charged in this case, U.S.S.G. § 1B1.3(a)(2).

Wyaco's February, 2024, offense is part of the same course of conduct as the September, 2024, offense. The "'same-course-of-conduct standard looks to whether the defendant repeats the same type of criminal activity over time, but does not require that acts be connected together by common participants or by an overall scheme.'" United States v. Joseph, 108 F.4th 1273, 1286 (10th Cir. 2024)(quoting United States v. Garcia, 946 F.3d at 1203). The Application Note to § 1B1.3 gives three factors guiding the course-of-conduct test: "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." U.S.S.G. § 1B1.3 Application Note 5(B)(ii). Moreover, the Application Note declares that, "[w]hen one of the above factors is absent, a stronger presence of at least one of the other factors is required." U.S.S.G. § 1B1.3 Application Note 5(B)(ii).

As to the similarity factor, the United States Court of Appeals for the Tenth Circuit has noted that, "in connection with" a § 922(g) offense, "a defendant's additional instances of illegal firearm possession may be found to be 'not merely similar but identical' . . . to the offense of conviction -- without the need for a sentencing court to engage in a detailed analysis of the factual circumstances of each possession." United States v. Garcia, 946 F.3d at 1204-05 (quoting United States v. Windle, 74 F.3d 997, 1000 (10th Cir. 1996)). United States v. Garcia's reasoning emphasizes that the important similarity in § 922(g) cases is the mere fact of possession. See United States v. Garcia, 946 F.3d at 1204-05. "[S]entencing courts" do not need "to parse the

factual circumstances under which individual guns are possessed in reaching similarity determinations." United States v. Garcia, 946 F.3d at 1205. Because Wyaco possesses a gun illegally in the circumstances leading up to both the February, 2024, arrest and the September, 2024, arrest, the similarity factor weighs toward concluding that the two arrests are part of the same course of conduct.

As to the second and third factors -- regularity and time between the offenses, respectively -- both factors weigh towards same-course-of-conduct. There is Tenth Circuit precedent suggesting that, when there are "two instances of conduct," "some regularity of conduct exists." United States v. Svacina, 137 F.3d 1179, 1185 (10th Cir. 1998)("Svacina"). The Tenth Circuit, however, does not construe Svacina as stating a bright-line rule permitting a regularity finding when there are only two instances of conduct. See United States v. Garcia, 946 F.3d at 1205 ("We need not opine on whether Svacina's language actually stands for the proposition that two incidents of unlawful conduct, standing alone, can display sufficient regularity."). Admittedly, the precedential waters are muddy in this area, but the Court considers the regularity factor to weigh towards same-course-of-conduct, particularly because the incidents are so similar. See United States v. Rourke, 53 F. App'x at 59 (affirming the district court's application of § 1B1.3(a)(2) when the defendant possesses a firearm illegally on two occasions).

That leaves the third factor -- time between the offenses. According to the Tenth Circuit, "'[v]arious courts have found that a period of separation of over one year negated or weighed against [a finding of] temporal proximity.'" United States v. Damato, 672 F.3d 832, 841 (10th Cir. 2012)(quoting United States v. Wall, 180 F.3d 641, 646 (5th Cir. 1999))(brackets in United States v. Damato, but not in United States v. Wall). Seven months separate the offenses in this case. The Tenth Circuit characterizes a "four to five month period" as a "relatively short period

- 6 -

of time." United States v. Windle, 74 F.3d at 1000-01. Seven months is not much longer than five months, and seven months is significantly shorter than the one-year mark, which seems to cause heartburn in the Courts of Appeals when it comes to the course-of-conduct analysis. United States v. Damato, 672 F.3d at 840-41 (discussing out-of-Circuit authority analyzing the time-between-offenses factor). Under United States v. Windle, the time-between-offenses factor weighs towards a same-course-of-conduct finding.

Because all three factors weigh towards a same-course-of-conduct finding, the Court holds that the February, 2024, offense is relevant conduct to the federally charged offense. The PSR, therefore, permissibly applies the two firearms enhancements that stem from the February, 2024, offense. Accordingly, the Court overrules Wyaco's Objections.

**IT IS ORDERED** that: (i) the Defendant Devin Wyaco's Formal Objections to Presentence Report, filed August 17, 2025 (Doc. 47), are overruled; (ii) the applicable offense level is 23, and the applicable criminal history category is III; and (iii) the applicable Guidelines range, when taking into account the minimum term in 18 U.S.C. § 924(c)(1)(A)(iii), is 177 to 191 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ryan Ellison
  United States Attorney
Stephen Kotz
Zachary Jones
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

- 7 -

Monnica Lynn Barreras
Law Office of Monnica L. Barreras, L.L.C.
Albuquerque, New Mexico

    *Attorney for the Defendant*

- 7 -